**\*\* E-filed February 6, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION;<br><br>    Plaintiff,<br><br>  v.<br><br>RICK A. JAQUEZ; et al.,<br><br>    Defendants.<br>_____/ | No. C12-00331 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

## INTRODUCTION

On February 1, 2012, defendant Rick Jaquez, proceeding pro se, removed this case from Santa Cruz County Superior Court. Docket No. 1 ("Notice of Removal"). For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

## DISCUSSION

Plaintiff U.S. Bank National Association ("U.S. Bank") filed this unlawful detainer action against Rick Jaquez, Marylou Jaquez, and six Doe Defendants on November 21, 2011 in Santa Cruz County Superior Court. Notice of Removal, Ex. A ("Complaint"). According to the complaint, U.S. Bank acquired the subject property through a foreclosure trustee's sale on October 19, 2011, in accordance with California Civil Code section 2924. Id. at ¶ 5. On September 28, U.S. Bank served the defendants with a three-day Notice to Quit. Id. at ¶ 6. Defendants did not respond to the Notice, nor did they vacate the property. Id. at ¶¶ 7-8.

1   Removal to federal court is proper where the federal court would have original subject
2 matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on
3 diversity of citizenship or on the existence of a federal question. <u>Caterpillar Inc. v. Williams</u>, 482
4 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on
5 the face of the notice and any exhibits annexed thereto that removal should not be permitted, the
6 court <u>shall</u> make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These
7 removal statutes are strictly construed against removal and place the burden on the defendant to
8 demonstrate that removal was proper. <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244
9 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).

10  Here, the defendants assert that removal is proper based only on federal question
11 jurisdiction. <u>See</u> Notice of Removal at 2-3. Federal courts have original jurisdiction over civil
12 actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A
13 claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges
14 a federal cause of action. <u>Vaden v. Discovery Bank</u>, 129 S. Ct. 1262, 1272 (2009). Alternatively, the
15 complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a
16 substantial question of federal law." <u>Williston Basin Interstate Pipeline Co. v. An Exclusive Gas</u>
17 <u>Storage Leasehold & Easement</u>, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting <u>Franchise Tax Bd. v.</u>
18 <u>Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a
19 federal question do not satisfy this requirement. <u>Discovery Bank</u>, 129 S. Ct. at 1272.

20  Defendants assert that U.S. Bank's unlawful detainer claim fails because it violated federal
21 law, namely, The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. Notice of Removal ¶ 2.
22 However, the defendants raise this issue in a demurrer, and – as noted above – the plaintiff must
23 allege a federal claim in the complaint itself. <u>Discovery Bank</u>, 129 S. Ct. at 1272. U.S. Bank's
24 complaint alleges only a state law claim for unlawful detainer under California law; it does not
25 allege any federal claims whatsoever. <u>See</u> Complaint. Moreover, resolving U.S. Bank's unlawful
26 detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly,
27 the defendants failed to show that this action arises under federal law.
28

2

1  Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction
2  based on diversity requires complete diversity of citizenship and an amount in controversy in excess
3  of $75,000. 28 U.S.C. § 1332(a). In this matter, the plaintiff's complaint expressly states that the
4  amount in controversy is less than $10,000. Complaint p.1. Moreover, the defendants are California
5  residents, and typically may not remove an action based on diversity to federal court in the forum
6  where they reside.[1] See Complaint ¶ 1.

7  Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal
8  question or diversity.

## CONCLUSION

10 Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS
11 the Clerk of the Court to reassign this case to a District Court judge. The undersigned further
12 RECOMMENDS that the newly assigned judge summarily remand the case to Santa Cruz County
13 Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file
14 objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 6, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting sua sponte may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

**C12-00331 HRL** Notice will be electronically mailed to:

Randall D. Naiman        randall@naimanlaw.com

**Notice will be mailed to:**

Rick Jaquez
744 Tuttle Avenue
Watsonville, CA 95076

Marylou Jaquez
744 Tuttle Avenue
Watsonville, CA 95076

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4